# United States District Court
# Central District of California

| | |
|---|---|
| GUADALUPE BELTRAN<br><br>    Plaintiff,<br><br>    v.<br><br>PROCARE PHARMACY, LLC, et al.;<br><br>    Defendants. | Case No. 2:19-cv-08819-ODW(RAOx)<br><br>**ORDER DENYING MOTION TO REMAND [10]** |

## I.    INTRODUCTION

Plaintiff Guadalupe Beltran ("Beltran") moves to remand this action to Los Angeles County Superior Court for lack of subject-matter jurisdiction. (Mot. to Remand ("Mot."), ECF No. 10.) Beltran argues that Defendants Procare Pharmacy, LLC ("ProCare") and Caremark, LLC ("Caremark") (collectively, ("Defendants")) failed to establish diversity jurisdiction under 28 U.S.C. § 1332, because neither the amount in controversy nor complete diversity are satisfied. For the reasons discussed below, the Court finds that diversity jurisdiction is satisfied. Accordingly, Defendants' removal meets the standards set forth by 28 U.S.C. § 1446. (Notice of Removal ("Notice"), ECF No. 1.) Therefore, this Court **DENIES** Beltran's Motion to Remand.[1] (*See* Mot.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Beltran's claims arise from the termination of her employment. (*See* Decl. of Andrew K. Haeffele ("Haeffele Decl."), Ex. A ("Compl.") 8, ECF No. 4-1.) Beltran filed this action in Los Angeles County Superior Court alleging: (1) disability discrimination in violation of California Government Code section 12940(a); (2) failure to provide reasonable accommodation in violation of California Government Code section 12940(m); (3) failure to engage in the interactive process pursuant California Government Code section 12940(n); (4) failure to take all reasonable steps necessary to prevent discrimination pursuant California Government Code section 12940(k); (5) retaliation in violation of FEHA, California Government Code section 12940(h); (6) wrongful termination in violation of public policy; (7) disability harassment, (8) failure to provide personnel records in violation of California Labor Code sections 1198.5 and 432; and (9) failure to provide payroll records in violation of California Labor Code section 226(b).[2] (Compl. ¶¶ 11–71.) Beltran is a citizen of California (Notice 3.) However, parties dispute Defendants' citizenship. Beltran alleges that Defendants are corporations with their principal place of business in California. (Mot. 8). Conversely, ProCare and Caremark claim to be single-member limited liability companies, with CVS Pharmacy, Inc. ("CVS") as their sole member. (Notice 3–5.) In turn, CVS asserts that it is a corporation organized under the laws of Rhode Island, with its principal place of business in Rhode Island. (Notice 4–5.)

From 1995 to January 2019, Beltran worked for Defendants as a pharmacy technician. (Compl. ¶ 7.) In January 2018, Beltran took a medical leave of absence due to work-related stress and anxiety. (Opp'n to Mot. ("Opp'n") 1, ECF No. 16-1.) After spending nearly a year on an extended medical leave without providing a return date, Beltran was terminated by ProCare on January 10, 2019. (Opp'n 1.)

---

[2] Beltran dismissed Defendant Nasser and her cause of action for disability harassment. (Order Granting Joint Stipulation to Dismiss 1, ECF No. 20.)

2

On September 5, 2019, Beltran commenced this action in Los Angeles County Superior Court. (Notice 2.) On October 14, 2019, Defendants removed the action to this Court on the basis of diversity jurisdiction. (*See* Notice.) On October 25, 2019, Beltran filed the instant motion to remand the action to state court. (*See* Mot.)

### III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Accordingly, a defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### IV.  DISCUSSION

Beltran argues that Defendants failed to establish diversity jurisdiction for the following reasons: (1) the complaint does not allege an amount in controversy in excess of $75,000; and (2) Caremark is a California corporation which destroys complete diversity. (Mot. 4.)

## A. Amount in Controversy

Beltran's Complaint does not provide an amount in controversy figure. (*See generally* Compl.) Instead, she seeks general and specific damages, such as "lost income, employment benefits, and career opportunities, and emotional distress" as well as "legal expenses and attorneys' fees," and other economic damages. (Compl. ¶¶ 16–18.)

Accordingly, "[w]hen the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). However, "the party seeking removal under diversity bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). This showing may be done with summary-judgment-type evidence. *Fritsch v. Swift Transp. Co. of Ariz.*, *LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

Additionally, "[t]he amount in controversy is not a prospective assessment of [a] defendant's liability." *Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 417 (9th Cir. 2018) (internal quotation marks omitted). "Rather, it is the amount at stake in the underlying litigation." *Id*. Thus, even though the amount in controversy "is assessed at the time of removal, [it] does *not* mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Id.* In other words, the amount in controversy is "not limited to damages incurred prior to removal. . . ." but "includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Id.* at 414, 418.

Lastly, courts may separate wages into two categories: "past wages—i.e., lost wages between the date of Plaintiff's termination and the date of removal—and future wages—i.e., lost wages between the date of removal and trial." *Fisher v. HNTB Corp.*, No. 2:18-CV-08173-AB (MRWx), 2018 WL 6323077, at *5 n. 7 (C.D. Cal.

Dec. 3, 2018). When the date of a trial is not set, courts have found one year from the date of removal to be a conservative trial date estimate. *Calhoun v. Consol. Disposal Serv., LLC*, No. 19-cv-2315-MWF (MRWx), 2019 WL 2522677, at *3 (C.D. Cal. June 18, 2019); *see also Reyes v. Staples Office Superstore, LLC*, No. CV 19-07086-CJC (SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019).

Here, Defendants have offered evidence demonstrating damages for past wages. For instance, Defendants have established that Beltran earned $30.69 per hour. (Haeffele Decl., Ex. C, 1, ECF No. 4-3) Defendants also establish that Beltran worked forty hours per week, which Beltran does not contest. (Opp'n 13); (Reply in Supp. of Mot. ("Reply") 3, ECF No. 17.) Accordingly, Defendants have established that Beltran earned $1,227.60 per a forty-hour work week. (Notice 10.) Here, the past wages include the time Beltran was terminated on January 10, 2019, to when the Notice was filed on October 14, 2019, which is a total of 39 weeks. (Notice 10.) When multiplying Beltran's weekly salary of $1,227.60 by 39 weeks, the total for past wages is $48,753.25.

Next, the Court considers future wages. Defendants argue that Beltran's future wages should be based off a prospective trial date of August 2021, or roughly 22 months from the date the Notice was filed. (Opp'n 13.) Defendants base this figure off statistics maintained by the Administrative Office of the United States Courts. (Haeffele Decl., Ex. B ("Judicial Caseload Profile"), ECF No. 4-2.) This evidence is too speculative. Instead, this Court will apply the conservative one-year prospective trial date. *Reyes*, 2019 WL 4187847, at *3 ("[C]ourts have often found that one year from the date of removal is a 'conservative estimate of the trial date' in employment cases.") A prospective trial date of one year from the date of the Notice filing is October 14, 2020, or 52 weeks. Taking Beltran's weekly salary of $1,227.60 and multiplying it over 52 weeks, the result is $63,835.20 for future wages. When combining the figures for past and future wages ($48,753.25 + $63,835.20), the final

figure of lost income is $112,588.45. As a result, the amount in controversy is satisfied for diversity jurisdiction. 28 U.S.C. § 1332(a).

Beltran counters that the amount controversy is not met because she has mitigated her future wages damages by seeking subsequent employment after being terminated. (Reply 3.) However, "mitigation of damages is an affirmative defense, and a potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction." *Jackson v. Compass Grp. USA, Inc.*, No. 19-cv-194678-PSG (GJSx), 2019 WL 3493991, at *4 (C.D. Cal. July 31, 2019) (internal quotation marks omitted). Consequently, the amount in controversy at stake regarding Beltran's lost income remains $112,588.45, which easily satisfies the jurisdictional minimum of an excess of $75,000. 28 U.S.C. § 1332(a). Therefore, the Court **DENIES** the motion to remand on this basis.

B. **Complete Diversity**

Beltran further argues that complete diversity is lacking between herself and Caremark because she alleges that they are both citizens of California. (Mot. 8.) Accordingly, Beltran argues that the Court lacks jurisdiction. (Mot. 8.)

When determining citizenship for diversity jurisdiction, a corporation is deemed to be a citizen of every state it is incorporated in, as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Whereas, "an LLC is a citizen of every state of which its owner/members are citizens." *Johnson v. Columbia Properties Anchorage*, *LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Here, Beltran offers evidence from the Secretary of State of California website, claiming that Caremark is incorporated in California. (Decl. of Emanuel Shirazi ("Shirazi Decl."), Ex. 2 ("Statement of Information") 1, ECF No. 10-1.) However, Beltran's evidence proves otherwise. Clearly, Caremark is an LLC. Throughout the document, there are references to LLCs. For one, the first entry line directs companies to enter their "Limited Liability Company Name." (Statement of Information 1.) Here, Defendants entered "Caremark, LLC." (Statement of

Information 1.) Additionally, "Limited Liability Company" is listed underneath the Secretary of State header and seal. (Statement of Information 1.) Moreover, the document presented is an "LLC-12" form. (Statement of Information 1.) All the information provided here confirms Defendant's assertions that Caremark is a single-member LLC, whose sole member is CVS. (Statement of Information 1.) CVS, in turn, is a corporation incorporated under the laws of Rhode Island, with its principal place of business in Rhode Island. (Notice 4–5.) Therefore, the Court finds that Caremark is an LLC, and that complete diversity between Defendants and Beltran exists. Accordingly, the Court **DENIES** the motion to remand on this basis. Additionally, Beltran's request for an award of costs and attorneys' fee is **DENIED** at moot.

## V. CONCLUSION

For the reasons discussed above, the Court finds subject-matter jurisdiction over this action under 28 U.S.C. § 1332. Accordingly, the Court **DENIES** Beltran's Motion to Remand. (ECF No. 10.)

**IT IS SO ORDERED.**

February 14, 2020

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**