O

# United States District Court
# Central District of California

| | |
|---|---|
| GUADALUPE BELTRAN,<br><br>        Plaintiff,<br><br>    v.<br><br>PROCARE PHARMACY, LLC, *et al.*,<br><br>        Defendants. | Case No. 2:19-cv-08819-ODW(RAOx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS ACTION [26]** |

## I.  INTRODUCTION

Before the Court is a Motion to Compel Arbitration and Dismiss [the] Action ("Motion") filed by Defendants ProCare Pharmacy, LLC and Caremark Corporation (collectively, "CVS"). (Mot. to Compel Arb. ("Mot."), ECF No. 26.) CVS recently filed a Motion to Stay discovery proceedings pending the outcome of the Motion. (Mot. to Stay, ECF No. 39.)   For the reasons explained below, the Court **DENIES** CVS's Motion.[1] Consequently, CVS's Motion to Stay is also **DENIED** as moot, and the hearing therefor is hereby **VACATED**.

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Plaintiff Guadalupe Beltran worked for CVS from 1995 until her termination in January 2019. (Decl. of Andrew K. Haeffele ISO Notice of Removal Ex. A ("Compl.") ¶ 7, ECF No. 4-1; Mot. 1.)  In October 2014, CVS adopted a new company-wide Arbitration Policy ("Policy") and required all employees to complete an electronic training course ("Training"). (Mot. 1–2.)  The Training required employees to click on a link that displayed the full Policy. (Mot. 2.)  Completion of the Training required employees to click a "Yes" button to electronically sign a Policy acknowledgment, which included the following terms:

> By clicking the "Yes" button below, I am acknowledging and agreeing:
>
> [ . . . ]
>
> - that, to opt out, *I must mail a written, signed and dated letter, stating clearly that I wish to opt out of this Policy* to CVS Health, P.O. Box 969, Woonsocket, RI 02895, which must be postmarked no later than *30 days after the date I first received or viewed* a copy of this Policy;
>
> - that by being covered by the Policy and not opting out, I and CVS Health are obligated to go to arbitration instead of court to resolve legal claims covered by the Policy;
>
> [ . . . ]
>
> - that my click of the "Yes" button creates an electronic signature that is legally binding.

(Mot. 2; Declaration of Cherise V. Jones ("Jones Decl.") Ex. 1, ECF No. 28 (emphases added).)  All CVS employees were required to complete the Training. (Mot. 2.)

On December 4, 2014, CVS received a letter dated November 25, 2014, bearing Beltran's signature and stating, "After reviewing the [Training], *I Guadalupe Beltran wish to opt out* of the [Policy]. . . . I choose not to be bound by its terms and will NOT be obligated to go to arbitration instead of court to resolve legal claims covered

by the [P]olicy." (Jones Decl. Ex. 4 (emphasis added).) On December 9, 2014, Beltran completed the Training by clicking the electronic acknowledgment. (Mot. 4, Jones Decl. Ex. 2.)

On September 5, 2019, Beltran filed this action in Los Angeles Superior Court based on conditions surrounding her January 2019 termination from CVS. (*See* Compl.) On October 14, 2019, CVS removed the case to this Court. (*See* Notice of Removal, ECF No. 1.) Beltran alleges nine causes of action: (1) disability discrimination; (2) failure to provide reasonable accommodation; (3) failure to engage in the interactive process; (4) failure to take all reasonable steps necessary to prevent discrimination; (5) retaliation under FEHA; (6) wrongful termination; (7) disability termination; (8) failure to provide personnel records; and (9) failure to provide payroll records. (*See* Compl.) CVS argues that these causes of action fall within the scope of the Policy and moves the Court to compel arbitration. (Mot. 1, 4.)

### III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") "provides that arbitration agreements 'shall be valid, irrevocable, and enforceable, *save upon such grounds that exist at law or in equity for the revocation of any contract*.'" *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002) (quoting 9 U.S.C. § 2). "But '[a]rbitration is a matter of contract and a party cannot be required to submit any dispute which he has not agreed so to submit.'" *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1139 (9th Cir. 1991) (alteration in original) (quoting *AT & T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 648 (1986)). "Generally, in deciding whether to compel arbitration, a court must determine two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)).

## IV. DISCUSSION

As a preliminary matter, CVS contends that the question of whether Beltran opted out of the Policy must itself be decided by an arbitrator. (Mot. 10.) However, the Ninth Circuit has clarified multiple times that "[a]lthough challenges to the validity of a contract with an arbitration clause are to be decided by the arbitrator . . . challenges to the very existence of the contract are, in general, properly directed to the court." *Kum Tat Ltd. v. Linden Ox Pasture, LLC*, 845 F.3d 979, 983 (9th Cir. 2017) (citing Supreme Court and Ninth Circuit precedent); *Three Valleys*, 925 F.2d at 1140–41 ("[A] party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the *existence* of an agreement to arbitrate. Only a court can make that decision."). "[C]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 531 (2019) (internal quotation marks omitted). In this instance, Beltran challenges the very existence of a contract to arbitrate; thus, CVS cannot force Beltran to arbitrate the question of whether she ever agreed to arbitration in the first place. (Opp'n 3–4.) Accordingly, the Court turns to the merits of CVS's Motion.

"In determining whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). "California law is clear that there is no contract until there has been a meeting of the minds on all material points, despite the fact some terms have been agreed orally, or some action has been taken." *Grove v. Grove Valve & Regulator Co.*, 4 Cal. App. 3d 299, 312 (1970); *see also Banner Entm't, Inc. v. Super. Ct.*, 62 Cal. App. 4th 348, 357–58 (1998). "Consent is not mutual, unless the parties all agree upon the same thing in the same sense." *Balistreri*

*v. Nev. Livestock Prod. Credit Ass'n*, 214 Cal. App. 3d 635, 641–42 (1989) (internal quotation marks omitted) (quoting Cal. Civ. Code § 1580).

Here, the parties dispute whether there was an agreement to arbitrate. CVS claims Beltran entered into an arbitration agreement with CVS on December 9, 2014, by electronically signing the Training acknowledgment. (Mot. 1, 9.) According to CVS, Beltran had thirty days "beginning on the date [she] completed the Arbitration Training" to opt out of the Policy, and that Beltran's opt-out letter was ineffective because she sent it *before* she completed Training. (Mot. 11.) Beltran, on the other hand, denies ever agreeing to arbitration because she properly opted out of the Policy. (Opp'n 2–4.)

As mentioned above, the Training acknowledgment instructs, "[T]o opt out, I must mail a written, signed and dated letter, stating clearly that I wish to opt out of this Policy to CVS Health . . . which must be postmarked no later than *30 days after the date I first received or viewed a copy of this Policy*." (Jones Decl. Ex. 1 (emphasis added).) CVS also provided Beltran with a copy of its Guide to Arbitration, which includes instructions on "How to Opt Out." (Jones Decl. Ex. 3.) The Guide explains, among other things, that "sending in a timely notice is the **only** way to opt out." (*Id.*) Additionally, the Guide states that an employee "*cannot opt out by refusing to complete training* or attend meetings about the policy." (*Id.* (emphasis added).)

In light of these express terms, CVS fails to show that Beltran's opt-out letter was untimely. Although it appears CVS implemented its Policy in October 2014 (*see* Mot. 6), neither side submits evidence of when Beltran first received a copy of the Policy, and the Court will not speculate as to exact dates. In any event, the most logical inference to be drawn from the record before the Court is that Beltran viewed the Policy, signed and delivered an opt-out letter dated November 25, 2014, consistent with the Policy's terms, and later completed Training on December 9, 2014. (Jones Decl. Exs. 2–4.)

1 Importantly, CVS fails to provide any good reason to assume that Beltran was required to opt out only after completing Training, when the Training acknowledgment itself sets an entirely different deadline. Indeed, while CVS does cite some cases that purportedly support its position (*see* Mot. 10–11.), those cases involved factual scenarios clearly distinct from the one before the Court. *See, e.g.*, *Erwin v. Citibank, N.A.*, No. 3:16-cv-03040-GPC-KSC, 2017 WL 1047575, at *4 (S.D. Cal. Mar, 20, 2017) ("Citibank asserts that it never received Plaintiff's opt-out letter."); *Williams v. Time Warner Cable, Inc.*, No. 1:11-CV-647, 2012 WL 13048214, at *2 (S.D. Ohio Mar. 12, 2012) (discussing a provision expressly requiring an opt out "within 30 days of the date you first became subject to the arbitration provision").

Moreover, CVS concedes that all employees were *required* to complete the Training by electronically signing the acknowledgment. (Mot. 2.) The required Training clearly instructed employees that "refusing to complete the Training did not serve as an opt out." (Jones Decl. Ex. 3.) CVS's argument that Beltran's mere completion of the required Training shows her assent to be bound by the Policy is disingenuous and unavailing.

At bottom, CVS fails to cite "clear and unmistakable evidence" that Beltran and CVS entered into an agreement to arbitrate. *See Schein*, 139 S. Ct. at 531. If anything, the purported contract language—i.e., the Policy and Training acknowledgment—along with Beltran's opt-out letter tend to show exactly the opposite. Thus, CVS's Motion to Compel Arbitration and Dismiss [the] Case is **DENIED**. (ECF No. 26.)

## V. RULE 11 SANCTIONS

Lastly, Beltran asks the Court to sanction CVS under Local Rule 11-9 for filing a frivolous motion, filing the Motion without meeting and conferring under Local Rule 7-3,[2] failing to provide necessary arbitration documents, and exposing Beltran's

---

[2] CVS disputes this point, claiming the parties met and conferred "pursuant to Local Rule 7-3, via email and telephone communications, from April 30, 2020 to June 1, 2020. In response to CVS's

home address.  (Opp'n 9–10.)  Specifically, Beltran seeks sanctions in the amount of $7,500 for fees incurred opposing CVS's Motion.  (Opp'n 10.)

CVS insists Beltran's sanctions request must be denied because it is substantively and procedurally deficient.  (Reply 12.)  For instance, CVS argues that Beltran failed to comply with Rule 11's procedural requirements, which includes a separate motion that is properly served on the opposing party.  Fed. R. Civ. P. 11(c)(1).  On this point, CVS is correct.  Beltran failed to adhere to the basic procedural requirements of filing a motion to request sanctions, instead making the request within her Opposition.  *See Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) ("It is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions.").  Thus, without reaching the merits of her request, the Court **DENIES** Beltran's request for sanctions without prejudice.

## VI.   CONCLUSION

For the foregoing reasons, the Court **DENIES** CVS's Motion to Compel Arbitration and Dismiss [the] Action.  (ECF No. 26.)

**IT IS SO ORDERED.**

October 19, 2020

_____
                **OTIS D. WRIGHT, II**
        **UNITED STATES DISTRICT JUDGE**

---

April 30, 2020 email, Plaintiff's counsel stated – in no uncertain terms – that he would **never** agree to arbitration."  (Reply 11.)